UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randel Best, #11102-171, *aka Randel Deon Best*, | ) C/A No. 8:10-674-TLW-BHH ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) Report and Recommendation |
| D. Drew, Warden, FCI-Bennettsville; Luis Berrios, M.D., Clinical Director; Julia Berrios, M.D., Medical Officer; Mumford, HSA Administrator, FCI- Bennettsville; K. Wright, Director of Medical, | ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff, a prisoner proceeding *pro se*, files this *Bivens* action alleging medical malpractice and negligence on the part of the defendants. He seeks damages for pain and suffering and mental anguish. Plaintiff is currently incarcerated at FCI-Beckley in Beaver, West Virginia, however, the allegations in the complaint refer to events that occurred at FCI-Bennettsville, a federal correctional facility in South Carolina.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits

an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

As noted above, plaintiff seeks damages for alleged medical malpractice and negligence on the part of the named defendants. It is a well settled rule of law, however, that claims of negligence or legal malpractice do not support an action for damages in a civil rights matter. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); and *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987).

Even if the undersigned were to construe this action as one filed pursuant to the Federal Tort Claims Act (FTCA), a case filed under the FTCA lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Myers and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975).

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not consented to suit except under the Federal Tort Claims Act. Furthermore, the bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).

Although the Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations, litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979). An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a federal district court under the Federal Tort Claims Act. Administrative claims under the Federal Tort Claims Act must be filed on a

Standard Form 95, which is promulgated by the United States Department of Justice. The complaint contains no indication that the plaintiff has timely submitted a claim on the Standard Form 95.[1] As a result, the defendants would be entitled to summary dismissal if this case is treated as a suit under the Federal Tort Claims Act.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, supra; *Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

March 31, 2010
Greenville, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

---

[1] The administrative claim must be submitted in writing within two (2) years after the claim accrues. 28 U.S.C. § 2401(b).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).