UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randel Best,<br>*aka Randel Deon Best*,<br><br>           Plaintiff,<br><br>vs.<br><br>Federal Bureau of Prisons;<br>D. Drew, Warden, FCI-Bennettsville;<br>Luis Berrios, M.D., Clinical Director;<br>Julia Berrios, M.D., Medical Officer;<br>Mumford, HSA Administrator, FCI- Bennettsville;<br>K. Wright, Director of Medical,<br><br>           Defendants. | C/A No. 8:10-674-TLW-BHH<br><br>**Report and Recommendation<br>of Magistrate Judge** |

The Plaintiff, a prisoner proceeding *pro se*, files this action alleging medical malpractice and negligence on the part of the Defendants. The Plaintiff is currently incarcerated at the Federal Correctional Institution-Beckley in Beaver, West Virginia. However, the allegations in the complaint refer to events that occurred at the FCI in Bennettsville, South Carolina.

A report and recommendation was initially entered in this matter on March 31, 2010. The plaintiff filed objections to the Report on April 14, 2010, and the United States District Judge remanded this matter to the undersigned for further review.

Consequently, pursuant to established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke*

*v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.

1990).

In the memorandum filed with his complaint, the Plaintiff states that while at the J. Reuben Long Detention Center in September 2003, he was injured while playing basketball. (Pl.'s Mem. at 2.) He states the doctor told him he had a torn ACL and a ruptured MCL. *Id*. He states he was transferred to the Effingham Detention Center and told once he arrived at the federal correctional institution he would receive the proper care. *Id.* He alleges he was seen by Dr. L. Berrios on July 13, 2005, at the FCI-Bennettsville and that Dr. Berrios diagnosed him with arthritis and ordered an x-ray. (Pl.'s Mem. at 2.) He states he was seen again on July 19, 2005, and Dr. Berrios changed his diagnosis to arthralgia and told him the treatment would include a diet and exercise plan. *Id.* He alleges he did not receive the x-ray until 17 months later "due to the negligence of the medical staff." *Id.*

The Plaintiff states Dr. Berrios recommended he receive an orthopedist consultation on August 16, 2007, but that he did not see the orthopedist until May 6, 2008. (Pl.'s Mem. at 2.) He states the orthopedist recommended a total knee replacement. *Id*. He alleges that upon his return to see Dr. Berrios, that Dr. Berrios stated that the orthopedist had opined that the Plaintiff would "eventually" need a total knee replacement, but Dr. Berrios said probably not until he was 45 years old or "seven to ten more years." *Id.*[1]

The Plaintiff specifically states he is bringing three claims: one against the BOP under the Federal Torts Claims Act ("FTCA"), and two *Bivens*[2] claims alleging negligence

---

[1] The undersigned notes the Plaintiff does not allege that Dr. Berrios was incorrect regarding the orthopedist's recommendation and, for good reason as the orthopedist does state in his recommendation that the plaintiff would "eventually" need a total knee replacement. (Pl.'s Compl. Attach. # 2 - Pl.'s Med. Records at 35.)

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983.

against the medical personnel. (Pl.'s Mem. at 5.)

The Plaintiff seeks damages for alleged medical malpractice and negligence on the part of the named defendants. It is a well settled rule of law, however, that claims of negligence do not support an action for damages in a *Bivens* action. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); and *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice is not actionable under *Bivens*. *See Estelle v. Gamble*, 429 U.S. at 106 (holding "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."). *See also Dalton v. City of Wilmington,* 2008 WL 4642935 (D.Del. 2008) (holding "[t]he negligence claim is not cognizable under § 1983 and, therefore, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).").

The Plaintiff also raises claims pursuant to the FTCA against the BOP. In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. *See* 28 U.S.C. § 1346(b)(1). Specifically, the FTCA authorizes "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ." *Id*. However, an FTCA claim is properly brought only against the United States and not against individual federal agencies or officers. *Holmes v. Eddy,* 341 F.2d 477 (4th Cir. 1965) (holding that federal agencies cannot be sued under the FTCA); see also 28 U.S .C. § 1346(b) (conferring jurisdiction on courts for tort claims "against the United States"). Therefore, the the BOP cannot be liable under the FTCA.

## **RECOMMENDATION**

Accordingly, based on the foregoing, it is recommended that the District Court dismiss the complaint in this case *without prejudice* and without issuance and service of process.

                                                    s/Bruce Howe Hendricks
                                                    United States Magistrate Judge

October 12, 2010
Greenville, South Carolina

***The Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).